Lon A. Jenkins (4060)
Tami Gadd-Willardson (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **IN RE:** | **CASE: 18-28803** |
| TRAVIS AUGUSTINE MARTIN | **CHAPTER 13** |
| **Debtor** | **Hon. R. KIMBALL MOSIER** |
| | Confirmation Hearing: 5/23/19  10:00 am |

**TRUSTEE'S OBJECTION TO CONFIRMATION AND RECOMMENDATION OF DISMISSAL UNDER 1307(c) IF UNABLE TO RESOLVE**

Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

   1. The Debtor filed a Chapter 13 petition for relief on November 23, 2018 and the First Meeting of Creditors under section 341 was continued and held on April 26, 2019.

   2. As of April 29, 2019, the Debtors are delinquent $615.00 (1 payment).  The Debtor's plan in Part 2.1 indicates Debtor will  make plan payments for sixty months.  The Debtor has only paid four out of the five plan payments that have come due.

3. There appears to be a domestic support obligation in this case, but the Debtor(s) failed to produce at the 341 Meeting a completed Domestic Support Obligation Questionnaire as required by § 521(a)(3).

4. The Debtor(s) failed to produce at the 341 Meeting evidence of current income (see Fed. R. Bankr. P. 4002(b)(2)(A)) and LR 2083-1(e)(1)2)(A).

5. The Debtor(s) failed to timely provide the Trustee with copies of their State and Federal income tax returns for 2018 (see § 521(e)(2)(A)(i), Fed. R. Bankr. P. 4002(b)(2)(B), and Local Rule 6070-1(c)(2)).

6. The Debtor(s) failed to file a *Declaration of Filed Tax Returns* as required by Local Rule 6070-1(c)(3).

7. The Debtor(s) failed to produce at the 341 Meeting statements from their financial account(s) for the Chase Bank - Savings for the period that covers the petition date (see Fed. R. Bankr. P. 4002(b)(2)(A)).

8. The plan provides for attorney fees greater than $4,000.00, which is the presumptive fee set by the Court (s*ee*, *Attorney's Fees in Chapter 13 Cases*, No. 06-50001, slip op. at 4 (Bankr. D. Utah March 22, 2006)).  If counsel is seeking fees greater than $4,000.00, it will require a fee application that is filed and noticed pursuant to §§ 329 and 330 and Fed. R. Bankr. P. 2016.

9. The Trustee objects to the Plan because it fails to provide for a monthly plan payment terms under Part 2.1. The Trustee notes the Plan provides for bi-weekly payments.

10. The Debtor has requested regular payments to the Trustee will be made pursuant to a payroll deduction order in Part 2.2. The Debtor should provide the Trustee with a Payroll Deduction Request Form or provide a sufficient explanation for the payment choice. The Debtor remains obligated to make ongoing plan payments and is responsible for verifying that the plan payments are being deducted from their payroll. The Trustee will not submit the motion and order for payroll deduction until after the case is confirmed. The Debtors must remain current on ongoing plan payments directly during the confirmation process.

11. The Debtor(s) have failed to select a method of treatment for income tax refunds in Part 2.3 of the Plan and fails to clearly state the tax years to be contributed.

12. The Debtor(s) should establish notice of the Plan is proper as the separate certificate of service has not been filed for creditors listed in Part 3.2. See Federal Rule of Bankruptcy Procedure 3012 and 4003(d) and Local Rule 2083-2(h)(2) and (j)(2).

13. The plan in Part 4.3 provides for attorney fees greater than the presumptive set by the Court, the Debtor will be required to file a fee application.

14. The Trustee objects to the Plan because it fails to clearly state the proposed return to non-priority unsecured creditors under Part 5.1.

15. The Trustee objects to the Plan because it fails to clearly state the vesting of the property of the estate under Part 5.1.

16. The Plan fails to include a required non-standard provision in Part 8.1. See Local Rule 2083-2(f). The Plan fails to include language: The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.

17. The Debtor has failed to include in paragraph 8.1 of the plan the creditor(s) who will receive Adequate Protection Payments, the Debtor must comply with Local Bankruptcy Form 2083-1-C.

18. The Debtor(s) are not complying with the disposable income requirements of § 1325(b). According to the Trustee's calculations on Form 122C-2, the Debtor(s) have Monthly Disposable Income higher than the amount on Line 45. In support of this objection, the Trustee argues the following Lines of the Form 122C-2 claim an improper deductions under § 707(b)(2):

Line No. 23 (Need verification of amount listed; amounts for basic services should be removed);
Line No. 29 (Amount already included on Line No. 21);
Line No. 36 (The monthly plan payment should be listed as $615).

Counsel should carefully review Form 122C-2 to verify that it is correct, file an amended Form 122C-2 if appropriate, and/or file an amended plan that is consistent with Form 122C-2 and that satisfies the disposable income test of § 1325(b).

19. As of April 30, 2019, the Debtor has failed to file an order reducing the Court's rulings to writing from hearing held on February 5, 2019, nor has an order been entered by the Clerk of the Court. *See*, U.S. BANKRUPTCY COURT DISTRICT OF UTAH, DOCKET PROCEEDINGS, MINUTE ENTRY dated February 20, 2019. Debtor's counsel shall appear at the Confirmation Hearing to account for the delay even after the order deadline was extended.

20. Trustee requests probationary language that if any future payment is more than 21 days delinquent, the case shall be dismissed without further notice or hearing upon application by the Chapter 13 Trustee.

WHEREFORE, the Trustee objects to confirmation of the Debtor's plan. If the Debtor is unable to resolve the objection by the confirmation hearing, the Trustee will move to dismiss or convert the case.

Dated: April 30, 2019                    Katherine T. Kang
                                         Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

 A true and correct copy of the foregoing Objection to Confirmation was served on the following parties on April 30, 2019:

TRAVIS AUGUSTINE MARTIN, 6678 S ALFRED WAY, SALT LAKE CITY, UT 84123

DAVID L. FISHER, ECF Notification

                 /s/ Jaci Coyle