Lon A. Jenkins (4060)
Tami Gadd-Willardson (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **IN RE:** | **CASE: 18-28803** |
| TRAVIS AUGUSTINE MARTIN | **CHAPTER 13** |
| **Debtor** | **Hon. R. KIMBALL MOSIER** |

**TRUSTEE'S CONTINUING OBJECTION TO CONFIRMATION**

The Standing Chapter 13 Trustee, hereby objects to confirmation based on the following unresolved issues:

1. As of July 8, 2019 the Debtor is now $615.00 delinquent for payments owing through June 2019.

2. The Debtor(s) failed to timely provide the Trustee with copies of their State and Federal income tax returns for 2018 (see § 521(e)(2)(A)(i), Fed. R. Bankr. P. 4002(b)(2)(B), and Local Rule 6070-1(c)(2)).

3. The Debtor(s) failed to file a *Declaration of Filed Tax Returns* as required by Local Rule 6070-1(c)(3).

4. The plan provides for attorney fees greater than $4,000.00, which is the presumptive fee set by the Court (s*ee*, *Attorney's Fees in Chapter 13 Cases*, No. 06-50001, slip op. at 4 (Bankr. D. Utah March 22, 2006)). If counsel is seeking fees greater than $4,000.00, it will require a fee application that is filed and noticed pursuant to §§ 329 and 330 and Fed. R. Bankr. P. 2016.

5. The Trustee objects to the Plan because it fails to provide for a monthly plan payment terms under Part 2.1. The Trustee notes the Plan provides for bi-weekly payments.

6. The Debtor has requested regular payments to the Trustee will be made pursuant to a payroll deduction order in Part 2.2. The Debtor should provide the Trustee with a Payroll Deduction Request Form or provide a sufficient explanation for the payment choice. The Debtor remains obligated to make ongoing plan payments and is responsible for verifying that the plan payments are being deducted from their payroll. The Trustee will not submit the motion and order for payroll deduction until after the case is confirmed. The Debtor must remain current on ongoing plan payments directly during the confirmation process.

7. The Debtor(s) have failed to select a method of treatment for income tax refunds in Part 2.3 of the Plan and fails to clearly state the tax years to be contributed.

8. The Debtor(s) should establish notice of the Plan is proper as the separate certificate of service has not been filed for creditors listed in Part 3.2. See Federal Rule of Bankruptcy Procedure 3012 and 4003(d) and Local Rule 2083-2(h)(2) and (j)(2).

9. The Trustee objects to the Plan because it fails to clearly state the proposed return to non-priority unsecured creditors under Part 5.1.

10. The Trustee objects to the Plan because it fails to clearly state the vesting of the property of the estate under Part 7.1.

11. The Plan fails to include a required non-standard provision in Part 8.1. See Local Rule 2083-2(f). The Plan fails to include language: The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.

12. The Plan fails to include a required non-standard provision in Part 8.1. See Local Rule 2083-2(f). The Debtor(s) have failed to include a statement indicating the applicable commitment period is 36 months as a below median case or 60 months as an above median case.

13. As of April 30, 2019, the Debtor has failed to file an order reducing the Court's rulings to writing from hearing held on February 5, 2019, nor has an order been entered by the Clerk of the Court. *See*, U.S. BANKRUPTCY COURT DISTRICT OF UTAH, DOCKET PROCEEDINGS, MINUTE ENTRY dated February 20, 2019. Debtor's counsel shall appear at the Confirmation Hearing to account for the delay even after the order deadline was extended.

14. The plan was not served on all parties-in-interest as required by Fed R. Bankr. P. 2002(a) and 3015(d).

15. The Chapter 13 plan does not comply with the best-interest-of-creditors test of § 1325(a)(4). Based on the assets and debts listed in the statements and schedules, the Trustee has determined in a hypothetical Chapter 7 case that unsecured creditors would share a total distribution of approximately $1,287, while the current plan does not propose a specified return to unsecured creditors.

16. The Debtor(s) failed to timely file the Domestic Support Obligation Creditor Matrix containing a complete list of DSO claimant(s) and their address(es) as required by Local Rule 1007-1(b)).

17. The Debtor(s) must file a certification with the Court that they are current on all post-petition domestic support obligations.

18. Schedule A/B fails to accurately state the balance on hand as of the petition date in the financial account with Chase Bank (account ending in 1202).

19. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claim(s): Verizon Wireless. The Trustee notes that the debt is listed as secured on Schedule D; however, it appears this may be a lease. If it is a lease, it should be moved to Schedule G and assumed in the plan.

20. The Trustee's objection to an exemption claimed on Schedule C remains unresolved. The Trustee believes there will be no impact on the return to unsecured creditors, if the objection is sustained. The Trustee requests a ruling from the court on this issue.

21. The plan is not feasible in that it is presently projected to require more than 60 months to make all payments required by the plan.

THEREFORE, the Trustee has an ongoing objection to the confirmation.

Dated: July 8, 2019                          LAJ /S/
                                             LON A. JENKINS
                                             CHAPTER 13 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Continuing Objection to Confirmation was served upon all persons entitled to receive notice in this case via ECF Notification or by U.S. Mail to the following parties on July 08, 2019:

DAVID L. FISHER, ECF Notification

/s/ Shanna Vagana